```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RODERICK ALVENDIA, ET AL.                  CIVIL ACTION

VERSUS                                     NO: 07-1546

STATE FARM INSURANCE CO.                   SECTION: "A" (5)
```

### ORDER AND REASONS

Before the Court is a **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Roderick Alvendia, the Law Office of Roderick Alvendia, LLC, and Alvendia & Kelly, LLC. Defendant State Farm Fire & Casualty Co. opposes the motion. The motion, set for hearing on May 30, 2007, is before the Court on the briefs without oral argument. For the reasons that follow the motion is **GRANTED**.

### I.   BACKGROUND

Plaintiffs initiated this suit in state court against State Farm Fire & Casualty Co. ("State Farm") and Rick Maraist/Rick Maraist Insurance Agency ("Maraist"). Plaintiffs allege property and business losses in conjunction with Hurricane Katrina. Plaintiffs seek payment of their damages as well as statutory penalties and attorney's fees under Louisiana law. La. R.S. § 22:658; La. R.S. § 22:1220. Plaintiffs and State Farm are of diverse citizenship but Maraist's presence in the lawsuit destroys

complete diversity.

Plaintiffs moved to sever the claims against State Farm and Maraist while the case was still pending in state court. State Farm then filed a notice of removal to remove the severed claims against State Farm to this Court. State Farm alleges that the severance was a "voluntary act" by Plaintiffs which rendered the case removable. Plaintiffs now move to remand the case to state court.

**II.   DISCUSSION**

Plaintiffs argue that a severance under Louisiana Code of Civil Procedure article 465 does not create two separate lawsuits nor does it imply that the actions were not properly cumulated under state law. Plaintiffs cite Phillips v. Unijax, 625 F.2d 54 (5th Cir. 1980), in support of their position.

In opposition, State Farm argues that the presiding judge *severed* the claims such that the claims would not only be tried separately but would proceed separately through discovery with separate deadlines. State Farm argues that Phillips is distinguishable from this case and is therefore not controlling.

In the instant case the state court judge ordered that Plaintiffs' claims against State Farm be "severed from the separate cause of action of the Plaintiffs [] against [Maraist], and the discovery and trial in the two causes of action will proceed

separately." (Def. Exh. A). The court then went on to set separate pre-trial deadlines for the two causes of action. (<u>Id.</u>). The court did not make a finding that the two actions had been improperly cumulated under state law and the court did not assign a new case number to either of the severed claims. <u>See</u> <u>In re Mortgage Elec. Registration Sys., Inc.</u>, 930 So. 2d 117, 120 (La. App. 4th Cir. 2006).

State Farm's position is grounded on the fact that the state court judge did not merely order separate trials but instead ordered a severance. State Farm contends that the two concepts are distinguishable and that they have different implications for purposes of removal. State Farm points out that in <u>Phillips</u> the Fifth Circuit recognized the distinction between an order setting separate trials and one severing claims.

In <u>Phillips</u> the Fifth Circuit did recognize a distinction between a severance and the granting of separate trials *under Alabama's laws of civil procedure*. In that jurisdiction there are separate rules of procedure governing separate trials and severances. 625 F.2d 56. Rule 21 specifically mentions the availability of a "severance" when parties are misjoined and Rule 42(b) allows for separate trials but does not use the term "sever." Al. R. RCP 21; Al. R. RCP 42(b). Thus, <u>Phillips</u>, which is strictly an application of Alabama law, does not apply across all

3

jurisdictions to hold that a "severance" under state law is always distinct from an order setting separate trials. Rather, Phillips merely recognizes that under Alabama law there is a distinction between the setting of separate trials and the granting of a severance.

Louisiana Civil Code article 465, entitled Separate Trials of Cumulated Actions, provides:

> When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.

La. Code Civ. Proc. Ann. art. 465 (West 1999). Neither article 465, nor its companion article 464, which addresses improper cumulation of actions and serves as the counterpart to Alabama's Rule 21, uses the term "sever." The term "sever" is used freely, however, in the revision comments to both articles 465 and 464. The comments do not address whether a severance is legally distinct from the granting of separate trials except perhaps to imply that severances are granted where actions are not properly cumulated. See La. Code Civ. Proc. art 465 cmt. a. The order entered in this case in no way suggests that the trial judge was of the opinion that the actions were improperly cumulated.

In contrast to the Alabama rules of procedure discussed in

4

Phillips, Louisiana law does not create a clear distinction between a severance and the granting of separate trials so this Court cannot attach any particular significance to the state court judge's use of the term "severance" when he ordered separate trials.  Further, this Court has found nothing in Louisiana law to suggest that the judge's decision to set separate pre-trial deadlines for the two actions somehow takes the case out of the realm of mere "separate trials" and somehow creates two separate actions for purposes of removal.

It is well-established that the party invoking the jurisdiction of a federal court has the burden of proving that the exercise of such jurisdiction is proper.  In re North American Philips Corp., 1991 WL 40259, at *2 (5th Cir. 1991).  In a removal case, the removing party bears that burden, a burden unaffected by the status of discovery, the number of plaintiffs, or any problems created by state law.  Id.  Any doubt regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction and in favor of remand.  Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) (citing Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir.1988)).

In sum, this Court does not find that the use of the term "severed" by the state court judge renders the claim against State Farm removable without including the claim against Maraist.  At the

5

very least state law is unclear on this point and Plaintiffs are entitled to have any uncertainties under state law construed in their favor.  Because Plaintiffs and Maraist are not of diverse citizenship this Court lacks subject matter jurisdiction over the action.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 7)** filed by plaintiffs Roderick Alvendia, the Law Office of Roderick Alvendia, LLC, and Alvendia & Kelly, LLC. should be and is hereby **GRANTED**.  This matter is **REMANDED** to the state court from which it was removed pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

June 1, 2007

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE